EDMUND G. BROWN JR.
Attorney General of the State of California
KRISTIN G. HOGUE
Supervising Deputy Attorney General
RICHARD F. WOLFE, State Bar No. 85346
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2482
 Fax: (619) 645-2012
 Email: Richard.Wolfe@doj.ca.gov

Attorneys for Defendant Board of Trustees of
California State University

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| DIANA NAPOLIS, | Civil No. 08-00557 WQH (NLS) |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BOARD OF TRUSTEES' MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| MICHAEL AQUINO, MICHELLE DEVEREAUX, TANYA LYSENKO aka TANI JANTSANG, CAROL HOPKINS, DR. ELIZABETH LOFTUS, MARK SAUER, DAVID COPLEY, SAN DIEGO UNION TRIBUNE, a business entity, SAN DIEGO STATE UNIVERSITY, and DOES 1-100, inclusive, | Hearing:     August 25, 2008<br>Time:        11:00 a.m.<br>Courtroom:   4<br>Judge:       Honorable William Q. Hayes<br><br>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT |
| Defendants. | |

Defendant Board of Trustees of the California State University, which is the State of California acting in its higher education capacity (erroneously sued as "San Diego State University" or "SDSU"), respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss First Amended Complaint.

///

///

Memo. P. & A. in Support of Def. Bd. of Trustees's Mot. to Dismiss First Am. Compl.   Civil No. 08-00557 WQH (NLS)

1

## PLAINTIFF'S ALLEGATIONS

Plaintiff believes there is an organized network of Satanists engaged in ritual abuse of children. She alleges Defendants are part of a conspiracy to thwart her efforts to reveal the existence of the network. With respect to the Board of Trustees, Plaintiff alleges that campus police at San Diego State University wrongly revealed her identity to the media following an investigation. See First Am. Compl. at 98 (¶ 366), et seq.

> In summary, campus police officers employed by Defendants [Board of Trustees] did not tell the truth to Plaintiff about not speaking to a reporter, they disregarded her concerns about dangerous people wanting her identity, and conducted no further investigation, nor contacted her about the situation before they gave Defendant Sauer personal information about her and violated Plaintiff's privacy, which eventually resulted in irrevocable harm to Plaintiff.

*Id.* at 114 (¶ 458).

## PLAINTIFF'S CLAIMS

Plaintiff brings seven claims: (1) negligence (First Am. Compl. at 185-186); (2) defamation (*Id.* at 186-187); (3) violation of privacy (*Id.* at 187); (4) placing her in a "false light" (*Id.* at 188); (5) intentional infliction of emotional distress (*Id.* at 188); (6) conspiracy to violate privacy and First Amendment right of speech (*Id.* at 189); and, (7) conspiracy to violate privacy and First Amendment right of speech, and to defame plaintiff (*Id.* at 190).

## GROUNDS FOR MOTION

The Board of Trustees brings this motion under FED. R. CIV. P. 12(b)(6), on the ground the action is barred by the Eleventh Amendment to the United States Constitution.

## ARGUMENT

The sovereign immunity of the States includes the Eleventh Amendment's immunity from suit in the Federal courts.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

///

///

///

For purposes of the Eleventh Amendment, the Board of Trustees is part of the State of California, and therefore enjoys immunity from suit.[1] "We have previously held that the [Board of] Trustees [is] an arm of the state that can properly lay claim to sovereign immunity. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1350-51 (9th Cir. 1982)." *Stanley v. Board of Trustees of the California State University*, 433 F.3d 1129, 1133 (9th Cir. 2006).

The Eleventh Amendment applies even though Plaintiff is a citizen of California. First. Am. Compl. at 2. "Although the text of the Amendment refers only to suits against a State by citizens of another State, we have repeatedly held that an unconsenting State also is immune from suits by its own citizens." *Tennessee Student Assistance Corporation v. Hood*, 541 U.S. 440, 446 (2004).

The Eleventh Amendment applies even though Plaintiff seeks to invoke the Court's supplemental jurisdiction to entertain state law claims. "[W]e hold that [28 U.S.C.] § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." *Raynor v. Regents of the University of Minnesota*, 534 U.S. 533, 542 (2002). See also, *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 120 (1984) (deciding before enactment of 28 U.S.C. § 1367 that "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment"), and *Stanley*, 433 F.3d at 1133-1134 ("Thus, we hold that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims.").

///

---

1. "The Eleventh Amendment makes explicit reference to the States' immunity from suits 'commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.' U.S. Const., Amdt. 11. We have, as a result, sometimes referred to the States' immunity from suit as 'Eleventh Amendment immunity.' The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment. Rather, as the Constitution's structure, and its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of their admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments." *Alden v. Maine*, 527 U.S. 706, 712-713 (1999).

Memo. P. & A. in Support of Def. Bd. of Trustees's Mot. to Dismiss First Am. Compl.    Civil No. 08-00557 WQH (NLS)

3

# CONCLUSION

The Eleventh Amendment bars this action against the Board of Trustees, and the Motion to Dismiss should be granted.

Dated: July 17, 2008

                            Respectfully submitted,

                            EDMUND G. BROWN JR.
                            Attorney General of the State of California

                            KRISTIN G. HOGUE
                            Supervising Deputy Attorney General

                            s/Richard F. Wolfe

                            RICHARD F. WOLFE
                            Deputy Attorney General

                            Attorneys for Defendant Board of Trustees
                            of California State University

80260156.wpd
SD2008801817

Memo. P. & A. in Support of Def. Bd. of Trustees's Mot. to Dismiss First Am. Compl.   Civil No. 08-00557 WQH (NLS)

4