1  Gregory D. Roper, State Bar No. 087019
   Michelle A. Herrera, State Bar No. 209842
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Facsimile No.:  619.232.8311

5  Judith L. Fanshaw, State Bar No. 120536
   THE COPLEY PRESS, INC.
6  7776 Ivanhoe Avenue
   La Jolla, California  92038
7

8  Attorneys for Defendants DAVID COPLEY, SAN DIEGO UNION-TRIBUNE
   and MARK SAUER
9

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  DIANA NAPOLIS, | Case No. 08CV557 WQH(NLS) |
| 14      Plaintiff, | The Honorable William Q. Hayes |
| 15  v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| 16  MICHAEL AQUINO, MICHELLE DEVEREAUX, TANYA LYSENKO, | **MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL** |
| 17  AKA TANI JANTSANG, CAROL HOPKINS, DR. ELIZABETH LOFTUS, | **PROCEDURE 8, 12(b)(1) and (6), and (f) and CALIFORNIA ANTI-SLAPP** |
| 18  MARK SAUER, DAVID COPLEY, SAN DIEGO UNION-TRIBUNE, a | **STATUTE (CCP Section 425.16); REQUEST FOR ATTORNEY'S FEES** |
| 19  business entity, SAN DIEGO STATE UNIVERSITY, and DOES 1-100, | **AND EXPENSES** |
| 20  inclusive, | Date:    September 15, 2008 |
| 21      Defendants. | Time:    11:00 A.M.<br>Place:   Courtroom 4 |
| 22 | NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |
| 23 | |

24

25

26

27

28

## TABLE OF CONTENTS

Page

I.    INTRODUCTION................................................................................1

II.   A CIVIL RIGHTS CLAIM IS NOT AND CANNOT BE STATED;
      THE COURT LACKS SUBJECT MATTER JURISDICTION..............................2

III.  THE COMPLAINT IS BARRED BY THE STATUTE OF
      LIMITATIONS AND SHOULD BE DISMISSED PURSUANT
      TO RULE 12(b)(6) AND THE ANTI-SLAPP STATUTE ......................................5

IV.   THE ANTI-SLAPP STATUTE APPLIES TO PLAINTIFF'S CLAIMS ..................7

V.    PLAINTIFF CANNOT ESTABLISH CLAIMS WITH RESPECT
      TO DEFENDANTS' NEWS COVERAGE...................................................10

      A.    Defendants Have a Constitutional Right to Make the Publications
            at Issue................................................................................10

      B.    The Publication is Privileged Under State Law................................11

      C.    Plaintiff Must Prove Substantial Falsity ......................................11

      D.    Plaintiff Must Establish "Actual Malice" by Clear and
            Convincing Evidence ............................................................12

VI.   CONCLUSION................................................................................13

1

**TABLE OF AUTHORITIES**

2

Page(s)

3    CASES

4    *Bennett v. Shahhal,*
     75 Cal.App.4th 384 (1999)...............................................................................6, 7
5

     *Briggs v. Eden Council for Hope and Opportunity,*
6    19 Cal.4th 1106 (1999).............................................................................9

7    *Dombrowski v. Pfister,*
     380 U.S. 479 (1965)...................................................................................8
8

     *Ellingburg v. Lucas,*
9    518 F.2d 1196 (8th Cir. 1985)..................................................................4

10   *Equilon Enterprises v. Consumer Cause, Inc.,*
     29 Cal.4th 53 (2002)..................................................................................9
11

     *Flagg Brothers Inc. v. Brooks,*
12   436 U.S. 149 (1978)...................................................................................3

13   *Florida Star v. BJF,*
     491 U.S. 524 (1989).................................................................................10
14

     *Gantry Construction Co. v. American Pipe and Construction Co.,*
15   49 Cal.App.3rd 186 (1975).......................................................................11

16   *Gertz v. Welch,*
     418 U.S. 323 (1974).................................................................................12
17

     *Gill v. Hearst Publishing,*
18   40 Cal.2d 224 (1953)...............................................................................10

19   *Good Government Group of Seal Beach, Inc. v. Superior Court,*
     22 Cal.3d 672 (1979), *cert. denied*, 441 U.S. 961 (1980)........................8
20

     *Harte-Hanks Communications, Inc. v. Connaughton,*
21   491 U.S. 657 (1989).................................................................................12

22   *Jarrow Formulas, Inc. v. LaMarche,*
     31 Cal.4th 728 (2003)................................................................................9
23

     *Maheu v. Hughes Tool Co.,*
24   569 F.2d 459 (9th Cir. 1977)....................................................................11

25   *Mann v. Quality Old Time Service, Inc.,*
     120 Cal.App.4th 90 (2004).........................................................................9
26

     *McGuire v. Brightman,*
27   79 Cal.App.3rd 776 (1978).........................................................................5

28

*Paul v. Davis,*
    424 U.S. 693 (1975) .............................................................................4

*Reader's Digest Association v. Superior Court,*
    37 Cal.3d 244 (1984)..........................................................................12

*Sanchez v. City of Santa Ana,*
    936 F.2d 1027 (9th Cir. 1991).............................................................3

*Shively v. Bozanich,*
    31 Cal.4th 1230 (2003).........................................................................6

*Simmons v. Allstate Insurance Co.,*
    92 Cal.App.4th 1068 (2001)...............................................................10

*Sipple v. Chronicle Publishing Co.,*
    154 Cal.App.3d 1040 (1984)...........................................................8, 10

*Sipple v. Foundation for National Progress,*
    71 Cal.App. 4th 2226 (1999)................................................................9

*Smith v. Daily Mail Publishing Co.,*
    442 U.S. 97 (1979) .............................................................................10

*Stockton Newspapers, Inc. v. Superior Court,*
    206 Cal.App.3d 966 (1988).................................................................11

*Strick v. Superior Court,*
    143 Cal.App.3d 916 (1983)...................................................................5

*Tannehill v. Finch,*
    188 Cal.App.3rd 224 (1986)................................................................13

*Thomas v. Fry's Electronics, Inc.,*
    400 F.3 1206 (9th Cir. 2005).................................................................8

*Unelko Corp. v. Rooney,*
    912 F.2d 1049 (9th Cir. 1990).............................................................12

*United States v. Lockheed Missiles and Space Co.,*
    171 F.3d 1208 (9th Cir. 1999)...............................................................8

*Weingarten v. Block,*
    102 Cal.App.3d 129 (1980).................................................................12

*Wilcox v. Superior Court,*
    27 Cal.App.4th 809 (1994)....................................................................9

**STATUTES**

42 U.S.C. section 1983.................................................................................3

42 U.S.C. section 1985.................................................................................3

California Civil Code, section 47(d)(1).......................................................11

California Civil Code, section 3425.3 ........................................................................... 5

California Code of Civil Procedure, section 340(c) ...................................................... 5

California Code of Civil Procedure, section 352(a) ...................................................... 6

California Code of Civil Procedure, section 357 .......................................................... 6

California Code of Civil Procedure, section 425.16 ................................................. 7, 8

California Code of Civil Procedure, section 425.16(a) ................................................. 8

California Code of Civil Procedure, section 425.16(b) ................................................. 9

California Code of Civil Procedure, section 425.16(c) ................................................. 9

California Code of Civil Procedure, section 425.16(e)(2) ............................................ 9

**RULES**

Fed.R.Civ.Proc., Rule 8 ............................................................................................... 2

Fed.R.Civ.Proc., Rule 12(b)(1) ................................................................................... 4

Fed.R.Civ.Proc., Rule 12(b)(6) ........................................................................... 5, 6, 10

Fed.R.Civ.Proc., Rule 12(f) .......................................................................................... 2

**OTHER AUTHORITIES**

3 Witkin, California Procedure, section 513 (4th Ed. 1996) ...................................... 5

# I.

## INTRODUCTION

In 2000 (Exhibit 10 to the complaint), 2002 (Exhibit 28), and 2003 (Exhibits 29 and 30), *The San Diego Union-Tribune* published news articles concerning plaintiff. The articles published in 2002 and 2003 concerned criminal charges brought against plaintiff with regard to the stalking of actress Jennifer Love Hewitt, issues in the case concerning plaintiff's mental illness, plaintiff's guilty plea, and the sentencing of plaintiff. Defendant David Copley[1] is publisher of *The San Diego Union-Tribune* and defendant Mark Sauer was a reporter for the newspaper and the author of two of the stories. Plaintiff alleges (Paragraph 716) that she suffered severe psychological incapacity sometime after May of 2001 and met the "insanity" tolling of the statute of limitations until on or about May, 2007 but in the same paragraph alleges that she "is not and never has been 'mentally ill.'" In paragraph 14, plaintiff alleges she was "misdiagnosed" as mentally ill in the criminal justice system.

The complaint discloses that plaintiff worked as a social worker with Child Protective Services in San Diego county from 1990 to 1996 and was self-employed as a visitation supervisor for family court thereafter until 2000. (Complaint, Paragraph 9.) The complaint then goes on with detailed discussion of plaintiff's involvement in the course of her duties with the county and otherwise in raising her concerns regarding satanic ritual abuse of children and disputes as to the effect of repressed memory in abuse cases. The complaint discloses that plaintiff has engaged in substantial public debate and communications with regard to these issues and has been involved in disputes with various people arising from her concerns.

This Court has no jurisdiction for the claims asserted in the complaint. To some extent, it appears that plaintiff seeks to allege a violation of her civil rights. However, as explained in these papers, no valid claim can be alleged or established for such a violation.

---

[1] Mr. Copley is included in this motion because he is at this time a defendant. Plaintiff has previously said she will voluntarily dismiss him.

1    Moreover, the defendants actually have protected rights under state law and the

2    First Amendment to publish the material at issue.  The details of plaintiff's criminal case

3    were already contained in public records including court files.  The United States Supreme

4    Court has recognized many times that newspapers have a constitutional right to publish

5    material from the public record and the suit must be barred for that reason as well.  In

6    addition, plaintiff's claim is time-barred and under the anti-SLAPP statute she will not be

7    able to establish a probability of prevailing for that reason as well as the numerous reasons

8    on the merits discussed in this Memorandum.

9         Plaintiff's pleading is inadequate to state a claim or establish jurisdiction under the

10   federal rules.[2]  Under the anti-SLAPP statute, plaintiff cannot meet her burden of proof to

11   establish a probability of prevailing on the merits.  For all of these reasons, the motion to

12   dismiss should be granted.

13                              **II.**

14   **A CIVIL RIGHTS CLAIM IS NOT AND CANNOT BE STATED;**
     **THE COURT LACKS SUBJECT MATTER JURISDICTION**
15

16        Plaintiff has in numerous respects failed to comply with requirements of Rule 8 in

17   her pleading.  Among the numerous defects, it is unclear upon what basis plaintiff asserts

18   her right to proceed in this Court.[3]  The Sixth Cause of Action commencing at

19   Paragraph 748 makes reference to a conspiracy to deprive plaintiff of her rights of privacy

20   and speech.  If the intent is to state a claim under civil rights laws, the attempt is defective

21   and is not a basis for jurisdiction.

22   / / /

23   / / /

24   / / /

25   _____

26   [2]   Allegations should be stricken under Rule 8 and 12(f).  The complaint is a
     voluminous recital of immaterial and improper material.

27   [3]   One defendant is allegedly a resident of Florida but others are California residents
28   and the caption page disclosed plaintiff's residence is California.

                              2                    Case No.  08CV557 WQHNLS

1   The allegations of the complaint reveal not a conspiracy by these defendants but

2   simply a newspaper exercising its right and duty to inform the public about criminal

3   charges in court proceedings concerning plaintiff.[4]

4   If plaintiff seeks to pursue a claim under 42 U.S.C. Section 1983, plaintiff must

5   establish at least two elements: (1) she was deprived of a right secured by the constitution

6   and laws of the United States, and (2) she was deprived of this right by defendant acting

7   under color of a state statute. *See, e.g. Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155

8   (1978). Plaintiff cannot meet either of the required elements with respect to these

9   defendants.

10   As noted by the court in *Flagg Brothers*, "... most rights secured by the

11   Constitution are protected only against infringements by governments." *Id.* at 156.

12   Consequently, in order to establish action under color of state law by a private party, the

13   plaintiff must show not only that the defendant acted under color of a state statute, but also

14   that the defendant's actions were on behalf of the state government. In this case, the

15   allegations establish neither a state law under which these defendants acted nor that they

16   acted on behalf of state government. A Section 1983 claim cannot be asserted.

17   Moreover, if plaintiff is asserting a claim under 42 U.S.C. Section 1985 her

18   allegations are defective since the charges of conspiracy are alleged in conclusory fashion

19   and do not establish actual facts of conspiracy or details of acts undertaken pursuant to the

20   conspiracy. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1039 (9th Cir. 1991).

21   With regard to any civil rights claim, the complaint is further defective in that the

22   alleged denial of a right secured by the Constitution or laws of the United States is not met

23   by plaintiff's allegations. Nor do the allegations establish that the defendants acted under

24   color of state law. These defendants' publication of the alleged materials cannot support a

25   civil rights violation.

26   _____

[4] The article published in 2000 discussed plaintiff's involvement in debate and other
27   activities concerning child abuse issues. However, as explained in the statute of
limitations argument, any claim on matters prior to May, 2001 is barred under plaintiff's
28   own allegations.

3                    Case No. 08CV557 WQHNLS

1   A similar claim was made by the plaintiff in *Paul v. Davis*, 424 U.S. 693 (1975).

2   There, the plaintiff sued the Chief of the Police Department in Louisville, Kentucky for

3   issuing a flyer which identified him as a shoplifter. The flyer identified plaintiff by name

4   and with a photograph because he had previously been charged with shoplifting although

5   the matter had not been pursued. Plaintiff alleged that the distribution of the flyer

6   infringed his constitutional right of liberty since it inhibited his travel within the

7   community and entry into stores. *Paul, supra*, 424 U.S. at 697.

8   The court first found that any damage to plaintiff's reputation was not a sufficient

9   deprivation under state or federal law so as to support a civil rights claim, but was merely a

10   matter of state tort law. *Paul, supra*, 424 U.S. at 712. The court also discussed the

11   plaintiff's assertion of privacy rights. The court recognized that some limits on

12   government actions in privacy areas have been found within the Constitution. The court

13   noted these were in specific areas, generally family matters and education. However, the

14   court ruled that nothing protected the plaintiff from the government publicizing records of

15   an official act, that is, the shoplifting charges. *Paul, supra*, 424 U.S. at 713. Thus,

16   although state action was present in that case, there still could be no civil rights claim since

17   there was no constitutional or federal right violated despite the plaintiff's claims of

18   privacy. *See, also, Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1985) (defamation is

19   not covered under Section 1983 because the plaintiff is not "deprived of any right,

20   privilege or immunity secured to him by the federal constitution or laws of the United

21   States.")

22   Plaintiff's allegations do not establish a basis for jurisdiction. Moreover, the facts

23   that are alleged demonstrate that there is no basis for jurisdiction that can be alleged as to

24   these defendants. The complaint should be dismissed pursuant to Rule 12(b)(1).

25   / / /

26   / / /

27   / / /

28   / / /

4                    Case No. 08CV557 WQHNLS

# III.

## THE COMPLAINT IS BARRED BY THE STATUTE OF LIMITATIONS AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) AND THE ANTI-SLAPP STATUTE

Plaintiff's complaint alleges numerous details of events prior to the year 2000 and, with respect to these defendants, the publication of news articles in 2000, 2002, and 2003. Plaintiff's claims are barred by the one-year statute of limitations under California Code of Civil Procedure Section 340(c) which governs actions for libel and slander.

It is important to note that this one year statute applies to all causes of action, however labeled. California Civil Code Section 3425.3 (the Uniform Single Publication Act ("USPA")), provides:

> No person shall have more than one cause of action for damages for libel or sander or invasion of privacy or any other tort founded upon a single publication or exhibition or utterance, such as any one issue of a newspaper. . . .

The USPA grants media publishers complete repose from claims once the year passes after initial distribution to the public:

> Under the Uniform Single Publication Act, only one cause of action arises on publication of an issue of a newspaper, or presentation of a radio or television broadcast. . . . Hence, the statute starts to run at the time of first general publication, regardless of subsequent republication. 3 Witkin, California Procedure, § 513 (4th Ed. 1996).

In *McGuire v. Brightman*, 79 Cal.App.3rd 776, 786 n.1 (1978), the court explained the purposes of the USPA, quoting from a non-California case: ". . . the single publication rule existed for the purpose of preventing multiplicity of suits and almost endless tolling of statute of limitations."

The Uniform Single Publication Act operates to bar all tort claims pursuant to the one-year statute of limitations however the claims are labeled. The statute expressly provides for one cause of action. As the court held in *Strick v. Superior Court*, 143 Cal.App.3d 916 (1983), this means that any tort claims, however labeled, are governed by the statute of limitations on the defamation claim. In *Strick*, the court barred all claims

1  related to a publication on the ground of the one-year statute, including claims for fraud

2  and deceit even though they had a longer statute of limitations.

3      Moreover, the USPA grants complete repose from claims one year after publication

4  regardless of when the plaintiff became aware of the publication.  As explained by the

5  California Supreme Court in *Shively v. Bozanich*, 31 Cal.4th 1230, 1245-1246 (2003):

6          Under the single publication rule, with respect to the statute of
           limitations, publication generally is said to occur on the "first
7          general distribution of the publication to the public. . . .  Under
           this rule, the cause of action accrues and the period of
8          limitations commences, ***regardless*** of when the plaintiff
           secured a copy or became aware of the publication."
9          (Emphasis in original).

10     The one-year statute of limitations applies to all claims in this case as to these

11  defendants and the action should be dismissed pursuant to either Rule 12(b)(6) or the

12  anti-SLAPP statute.  Plaintiff's claims of tolling for insanity do not change the result.

13     First, California Code of Civil Procedure Section 352(a), the insanity tolling

14  statute, clearly states that insanity must exist at the time the cause of action accrued.  It is

15  reiterated in Section 357 that any disability must exist when the right of action accrued for

16  tolling to apply.  *See Bennett v. Shahhal*, 75 Cal.App.4th 384, 392 (1999) (summary

17  judgment for defendant on statute of limitations affirmed).  Since plaintiff asserts she was

18  incapacitated "after May of 2001" (complaint, Paragraph 716), claims with respect to

19  matters before that date are without question barred (including claims related to the 2000

20  article).    Moreover, since the complaint does not specify the date of alleged

21  commencement of incapacity but only some time after May, 2001, it is not clear what

22  other claims may have accrued prior to the alleged commencement of incapacity.

23     Additionally, the claim of incapacity is actually defeated by other allegations in the

24  complaint.  Even in Paragraph 716 where plaintiff asserts disability, she assets that she "is

25  not and never has been mentally ill" thereby herself defeating the applicability of any

26  tolling.  In Paragraph 14 she alleges her mental illness was misdiagnosed.  Her allegation

27  of tolling is also defeated by her allegations that in 2001 she was represented by a pro bono

28  lawyer with regard to her claims and even herself sent a letter in late May to San Diego

1    State University complaining about what she perceived to be misconduct of campus police.

2    (Paragraphs 481 and 482.) In addition, in Paragraphs 645 and 646, plaintiff alleges that

3    although she was initially receiving Social Security benefits through a payee, in October of

4    2004 her psychiatrist allowed her to become her own payee. These allegations also defeat

5    the claimed tolling.

6         As explained in *Bennett, supra,* 75 Cal.App.4[th] at 392, insanity for purposes of

7    tolling means "a condition of mental derangement which renders the sufferer incapable of

8    caring for [his or her] property or transacting business, or understanding the nature or

9    effects of [his or her] acts." Plaintiff's own psychiatrist decided that she was capable of

10   being her own payee and that determination defeats her claims of insanity for tolling

11   purposes.

12        Not only are plaintiff's own allegations inconsistent with a claim of tolling,

13   plaintiff's allegations are, in any event, inadequate as a matter of law. With respect to the

14   anti-SLAPP statute, as will be explained, plaintiff has the burden of establishing a

15   probability of prevailing. Under *Bennett, supra,* at 392, evidence of tolling cannot be by

16   lay opinion (plaintiff's own allegations). If plaintiff is to establish any insanity tolling, it

17   must be established by expert evidence.

18        In any event, all claims must be dismissed on the merits. Since the commencement

19   of plaintiff's alleged tolling begins sometime after May 2001, only the 2002 and 2003

20   stories are potentially at issue. Those stories relate to the charges against and prosecution

21   of plaintiff with respect to her stalking of an actress. Claims with respect to those articles

22   are defeated on numerous grounds besides the statute of limitations as will be discussed.

23   The complaint should be dismissed on the merits in its entirety.

24                                              **IV.**

25        **THE ANTI-SLAPP STATUTE APPLIES TO PLAINTIFF'S CLAIMS**

26        California and federal courts have long recognized that speedy resolution of First

27   Amendment cases is favored. For years, the device for such speedy resolution was

28   summary judgment. With the enactment in 1992 of California Code of Civil Procedure

1    Section 425.16, the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, a

2    more expedited procedure for speedy resolution of First Amendment cases was created.  In

3    *United States v. Lockheed Missiles and Space Co.*, 171 F.3d 1208, 1218 (9th Cir. 1999), the

4    court determined that the California anti-SLAPP statute applies in federal diversity cases

5    and discussed with approval the policies supporting the statute which fully apply in this

6    case, particularly to the state law claims which form the bulk of the allegations. *See, also,*

7    *Thomas v. Fry's Electronics, Inc.*, 400 F.3 1206 (9th Cir. 2005).

8         First Amendment cases have been given special treatment in California courts for

9    years because of the fear that the threat of protracted litigation alone is enough to inhibit

10   the exercise of First Amendment rights as potential speakers self-censor rather than risk

11   being sued.  The United States Supreme Court has stated that:

12         The chilling effect upon the exercise of First Amendment
13         rights may derive from the fact of the prosecution unaffected
           by the prospects of its success or failure.

14   *Dombrowski v. Pfister*, 380 U.S. 479, 487 (1965).  *See also, Good Government Group of*

15   *Seal Beach, Inc. v. Superior Court*, 22 Cal.3d 672, 685 (1979), *cert. denied*, 441 U.S. 961

16   (1980) ("because unnecessarily protracted litigation would have a chilling effect upon the

17   exercise of First Amendment rights, speedy resolution of cases involving free speech is

18   desirable"); *Sipple v. Chronicle Publishing Co.*, 154 Cal.App.3d 1040, 1046-47 (1984)

19   ("speedy resolution of cases involving free speech is desirable. ... Courts impose more

20   stringent burdens on one who opposes the motion and require a showing of high

21   probability that the plaintiff will ultimately prevail in the case.")

22         In enacting Section 425.16, the Legislature acknowledged these concerns:

23         The Legislature finds and declares that it is in the public
           interest to encourage continued participation in matters of
24         public significance, and that this participation should not be
           chilled through abuse of the judicial process.  To this end, this
25         section shall be constructed broadly.  C.C.P. § 425.16(a).

26   / / /

27   / / /

28   / / /

8                              Case No.  08CV557 WQHNLS

1    These defendants' only burden under the anti-SLAPP statute is to make a prima

2  facie showing that the lawsuit arises from the exercise of their First Amendment rights in

3  connection with a public issue. *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal.4th

4  53, 67 (2002); *Wilcox v. Superior Court*, 27 Cal.App.4th 809, 820 (1994); C.C.P.

5  § 425.16(b). The burden then shifts to plaintiff to demonstrate the probability that she will

6  prevail on her claim. If she does not meet this burden, the complaint must be stricken with

7  prejudice and the defendants awarded their attorneys' fees and costs of defense. *Wilcox,*

8  *supra*, at 830-31; C.C.P. § 425.16(b) and (c).

9    Since the news articles concern criminal charges against plaintiff and the court

10  proceedings with respect thereto, the articles clearly concern a subject of public interest

11  and, in fact, are defined by Section 425.16(e)(2) as being covered by the statute.

12    Since the statute applies, the burden of proof is placed upon plaintiff to establish a

13  probability of prevailing. The California Supreme Court explained the burden in *Jarrow*

14  *Formulas, Inc. v. LaMarche,* 31 Cal.4th 728, 741 (2003):

15      To satisfy this prong, the plaintiff must "state [] and
        substantiate [] a legally sufficient claim." "Put another way,
16      the plaintiff must 'demonstrate that the complaint is both
        legally sufficient and supported by a sufficient prima facie
17      showing of facts to sustain a favorable judgment if the
        evidence submitted by the plaintiff is credited.'" [citations
18      omitted.]

19    Moreover, plaintiff's showing must be made by competent and admissible evidence.

20  *Mann v. Quality Old Time Service, Inc.,* 120 Cal.App.4th 90, 105 (2004). Complaint

21  allegations are inadequate – valid, competent evidence must be submitted.

22    The anti-SLAPP statute is to be liberally construed in favor of the protection of First

23  Amendment rights. *Briggs v. Eden Council for Hope and Opportunity,* 19 Cal.4th 1106,

24  1119-21 (1999). Moreover, journalists exercising First Amendment rights are entitled to

25  the benefit of the anti-SLAPP statute. *See, e.g., Sipple v. Foundation for National*

26  *Progress,* 71 Cal.App. 4th 2226, 240 (1999).

27  / / /

28  / / /

1    Under the anti-SLAPP statute, the case should be dismissed on the merits without

2  leave to amend.  The court in *Simmons v. Allstate Insurance Co.*, 92 Cal.App.4[th] 1068,

3  1073-1074 (2001), stated that anti-SLAPP motions defeat the substance of the action and

4  are not dependent on the form of the pleadings.  Allowing amendment in the face of an

5  anti-SLAPP motion defeats the statutory purposes to provide for speedy and economical

6  dismissal of claims challenging First Amendment rights.  Consequently, the inability of

7  plaintiff to establish a probability of prevailing must result in dismissal of the case on the

8  merits; leave to amend is not appropriate under the anti-SLAPP statute.

9    For the many reasons stated in the following section, plaintiff's suit must be

10  dismissed on the merits under Rule 12(b)(6) and the anti-SLAPP statute as not only is

11  plaintiff's pleading inadequate, but plaintiff cannot meet the burden of proof under the

12  anti-SLAPP statute.

13                                    V.

14  **PLAINTIFF CANNOT ESTABLISH CLAIMS WITH
    RESPECT TO DEFENDANTS' NEWS COVERAGE**

15

16  **A.    Defendants Have a Constitutional Right to Make the Publications at Issue**

17    The United States Supreme Court has ruled on numerous occasions that materials in

18  the public record, such as the criminal case against plaintiff, are subject to publication by

19  newspapers and that any sanction with respect to such a publication violates the First

20  Amendment rights of the press.[5]

21    In *Florida Star v. BJF*, 491 U.S. 524, 533 (1989), the Court considered a case

22  where a newspaper published the name of a rape victim in violation of Florida law.  The

23  name had been obtained from a Sheriff's Department report placed in the pressroom by

24  mistake.  The Court found that imposition of damages on the newspaper for publishing the

25  name obtained would violate the First Amendment.  Similarly, in *Smith v. Daily Mail*

26  _____

27  [5]    Since the material was in the public domain, there are no "private" facts at issue even
    under state law.  *See, e.g., Gill v. Hearst Publishing*, 40 Cal.2d 224, 230 (1953); *Sipple v.*

28  *Chronicle Publishing Co*, *supra*, 154 Cal.App.3d at 1047.

1    *Publishing Co.*, 442 U.S. 97, 102 (1979), the Court found that a statute which prohibited a

2    newspaper from publishing names of juvenile offenders violated the First Amendment.

3        As the articles in question disclose, the source of the materials published concerning

4    plaintiff's criminal charges and case were gathered from public record materials including

5    court files. The articles in question were published pursuant to a newspaper's right and

6    duty to publish matters of public concern and interest.

7        In addition to the general public concern and interest in matters occurring within the

8    courts, the case here involved another subject of public interest, the life of a well-known

9    actress. The publication is constitutionally privileged since the materials were drawn from

10   the public record and, as the United States Supreme Court has repeatedly recognized,

11   permitting any action against these defendants on these facts would violate the First

12   Amendment.

13   **B.    The Publication is Privileged Under State Law**

14       The articles at issue report on matters within the criminal case against plaintiff.

15   Pursuant to California Civil Code § 47(d)(1), the report in a public journal, such as the

16   newspaper, of matters occurring in a judicial proceeding or anything said in the course

17   thereof is absolutely privileged from any cause of action. Plaintiff's claims are defeated by

18   the statutory privilege.

19   **C.    Plaintiff Must Prove Substantial Falsity**

20       California defamation law absolutely protects statements that are "substantially

21   true." *Gantry Construction Co. v. American Pipe and Construction Co.*, 49 Cal.App.3rd

22   186, 194 (1975). This means that a publication need not be literally true in every detail to

23   be protected; it is enough if the substance or "sting" is true. *Maheu v. Hughes Tool Co.*,

24   569 F.2d 459, 465-66 (9th Cir. 1977); *Stockton Newspapers, Inc. v. Superior Court*, 206

25   Cal.App.3d 966, 983 (1988) ("None of the claimed inaccuracies raise a triable issue of

26   material fact because they do not materially advance or enhance the sting of the account.")

27   ///

28   ///

Case No. 08CV557 WQHNLS

1    Plaintiff has the burden to prove that the news articles concerning these matters of public

2    concern are substantially false. *Unelko Corp. v. Rooney,* 912 F.2d 1049, 1056 (9th Cir.

3    1990).

4         In this case, the news articles are based upon court records in the criminal

5    proceedings against plaintiff. Plaintiff's contentions regarding inaccuracy must establish

6    substantial inaccuracies in order to give rise to any claim.

7    **D.**      **Plaintiff Must Establish "Actual Malice" by Clear and Convincing Evidence**

8         In this case, plaintiff is at least a limited purpose public figure which respect to the

9    publications. Plaintiff, as alleged in her complaint, took an active role in raising issues

10    concerning child abuse and participating in public debate on these issues. Moreover, the

11    criminal charges against plaintiff made her at least a limited purpose public figure with

12    respect to those matters. In *Gertz v. Welch,* 418 U.S. 323, 351 (1974), the Supreme Court

13    noted that where "an individual voluntarily injects himself or is drawn into a particular

14    public controversy" he "becomes a public figure for a limited range of issues." Plaintiff's

15    status as a public figure is a question of law for the court. *Weingarten v. Block,* 102

16    Cal.App.3d 129, 134-35 (1980). Here, the articles discussed matters relevant to the issues

17    for which plaintiff is a public figure: her role in issues concerning child abuse and the

18    criminal prosecution against her for stalking a well-known celebrity.

19         As a public figure for purposes of the articles in question, plaintiff must prove, with

20    clear and convincing evidence, that these defendants published the articles with "actual

21    malice." As stated by the Supreme Court in *Harte-Hanks Communications, Inc. v.*

22    *Connaughton,* 491 U.S. 657, 667 (1989), actual malice requires "that the defendant must

23    have made the false publication with 'a high degree of awareness of . . . probable falsity'

24    or must have 'entertained serious doubts as to the truth of the publication. . . .'" Thus, to

25    sustain her cause of action, plaintiff must establish that these defendants published the

26    articles in question knowing the articles were false or with actual subjective serious doubt

27    as to the truth and published the articles anyway. Moreover, plaintiff must prove her case

28    with "clear and convincing evidence." *Reader's Digest Association v. Superior Court,* 37

1   Cal.3d 244, 258 (1984).  Evidence is "clear and convincing" only when it is so clear "as to
2   leave no substantial doubt in the mind of the trier of fact; it must be sufficiently strong to
3   command the unhesitating assent of every reasonable mind." *Tannehill v. Finch,* 188
4   Cal.App.3rd 224, 228 (1986) (citation and additional quotation marks omitted).
5          The claims on the merits cannot be established for the many reasons stated above
6   and there may be additional grounds not expressed herein.  Since the burden is upon
7   plaintiff to establish the probability of prevailing, defendants will address in their reply
8   papers the merits in more detail depending upon plaintiff's submission.  Pursuant to the
9   anti-SLAPP statute, the complaint should be dismissed on the merits and without leave to
10  amend.

**VI.**

**CONCLUSION**

13         The motion to dismiss should be granted for many reasons.  The allegations are
14  inadequate to establish jurisdiction or valid causes of action; in fact, the allegations
15  establish a statute of limitations defense.  Moreover, under the anti-SLAPP statute, the
16  action should be dismissed on the merits and without leave to amend as plaintiff will be
17  unable to present actual competent admissible evidence (as opposed to allegations)
18  sufficient to establish a probability of prevailing.  For all of these reasons, the motion to
19  dismiss should be granted and the action dismissed on the merits in its entirety.

21  DATED: August 6, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

23                                          By:_____
24                                               Gregory D. Roper
                                                 Michelle A. Herrera
25                                               Attorneys for Defendants DAVID COPLEY,
                                                 SAN DIEGO-UNION TRIBUNE and
                                                 MARK SAUER

27  101105910.1

                                          13                    Case No.  08CV557 WQHNLS