| | |
|---|---|
| 1 | John D. Marino, SBN 126012 (jdm@mmker.com) |
| | Christopher R. Allison SBN 201618 (cra@mmker.com) |
| 2 | **MANNING & MARDER** |
| | **KASS, ELLROD, RAMIREZ** LLP |
| 3 | 550 West "C" Street, Suite 1900 |
| | San Diego, CA  92101 |
| 4 | Telephone: (619) 515-0269 |
| | Facsimile:  (619) 515-0268 |
| 5 | |
| | Attorneys for Defendants |
| 6 | TANYA LYSENKO (a.k.a. TANI JANTSANG) |

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DIANA NAPOLIS, | ) | Case No.: 08 CV 557 WQHNLS |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF POINTS AND** |
| | ) | **AUTHORITIES IN SUPPORT OF** |
| vs. | ) | **MOTION TO DISMISS BY** |
| | ) | **DEFENDANT TANYA LYSENKO** |
| MICHAEL AQUINO, MICHELLE DEVEREAUX, | ) | **[Federal Rule of Procedure 12]** |
| TANYA LYSENKO, AKA TANI JANTSANG, | ) | |
| CAROL HOPKINS, DR. ELIZABETH LOFTUS, | ) | Date:        September 15, 2008 |
| MARK SAUER, DAVID COPLEY, SAN DIEGO | ) | Time:        11:00 a.m. |
| UNION-TRIBUNE, a business entity, SAN DIEGO | ) | Courtroom:   4 |
| STATE UNIVERSITY, and DOES 1-100, inclusive, | ) | Judge:       Hon. William Q. Hayes |
| | ) | |
| Defendants. | ) | **[NO ORAL ARGUMENT PURSUANT** |
| _____ | ) | **TO LOCAL RULE 7.1(d)(1)]** |

## INTRODUCTION

In her First Amended Complaint ("FAC"), which was filed on May 1, 2008, Plaintiff DIANE NAPOLIS alleges that, as part of a vast conspiracy, the named defendants, either individually or jointly, defamed her, violated her rights to free speech and privacy, and caused her severe emotional distress.  Specifically, Plaintiff claims the following causes of action: 1) negligence; 2) defamation; 3) violation of privacy; 4) placing her in "false light"; 5) intentional infliction of emotional distress; 6) conspiracy to violate her privacy and freedom of speech; and 7) conspiracy.

/ / /

-1-

**SUMMARY OF ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 12, LYSENKO hereby moves to dismiss Plaintiff's FAC on the following grounds:

1) Complaint fails to be "simple, concise, and direct." Fed R. Civ. Pro. 12(e);

2) Complaint fails to assert grounds for original subject matter jurisdiction. Fed R. Civ. Pro. 12(b)(1);

3) Complaint fails to assert grounds for personal jurisdiction over LYSENKO. Fed R. Civ. Pro. 12(b)(2);

4) Complaint fails to state a cause of action. Fed R. Civ. Pro. 12(b)(6)

## I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AND A MORE DEFINITE STATEMENT REQUIRED

Plaintiff's FAC essentially chronicles her entire adult life and her apparent ongoing battle with satanic ritual abuse. It should be dismissed and a more definite statement required to Fed. R. Civ. P. 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires all pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e). A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne* (9th Cir.1996) 84 F.3d 1172, 1178. Each claim founded on a separate occurrence must be stated in a separate count. Fed.R.Civ.P. 10(b). Although Plaintiff is proceeding pro se, she nevertheless must comply with the rules of procedure. *Ghazali v. Moran* (9th Cir. 1995) 46 F.3d 52, 54["pro se litigants are bound by the rules of procedure"].

The federal rules also contemplate brevity. *Galbraith v. County of Santa Clara* (9th Cir. 2002) 307 F. 3d 1119, 1125. A plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. Fed. R. Civ. P. 8. A complaint should not contain preambles, introductions, argument, speeches, explanations, stories, griping, summaries, and the like. *McHenry v. Renne* (9th

Cir. 1996) 84 F.3d 1172.  The court and defendants should be able to read and understand a plaintiff's complaint within minutes.  *Id.*

Plaintiff's FAC clearly violates these rules of procedure. It consists of lengthy, rambling and often unrelated commentary on Plaintiff's history with alleged satanic ritual abuse.  By definition, a complaint of 190 pages single spaced (excluding thirty-seven exhibits!) is by definition not a short plain meaning of Plaintiff's claims.  Furthermore, all preambles, introductions, argument, speeches, stories, griping, summaries and the like should be stricken.

## II. PLAINTIFF'S COMPLAINT SHOULD ALSO BE DISMISSED FOR FAILURE TO STATE GROUNDS FOR SUBJECT MATTER JURISDICTION OF THIS COURT

Plaintiff's FAC is fatally defective in regard to this court's subject matter jurisdiction.  The complaint in a federal action must contain a "short and plain statement of the grounds for the court's (subject matter) jurisdiction depends. . . " Fed. R. Civ. P.  8(a)(1) (parentheses added).  Federal courts are courts of *limited jurisdiction*. Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: basically those involving diversity of citizenship, or a federal question, or to which the U.S. is a party. *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 380–381, 114 S.Ct. 1673, 1677.  Federal courts are *presumptively* without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*.

As the U.S. is not a party, Plaintiff must show diversity either diversity of citizenship OR a federal question.  As Plaintiff is a apparently a citizen of California and most defendants appear to be citizens (albeit Plaintiff's FAC alleges them to be residents) of California, diversity does not exist.  The basic requirement in diversity cases is that *all* plaintiffs be of different citizenship than *all* defendants. Any instance of common citizenship prevents federal diversity jurisdiction. *Strawbridge v. Curtiss* (1806) 7 US 267.

/ / /

/ / /

-3-

Furthermore, Plaintiff does not articulate a federal question. U.S.C. § 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In the instant matter, Plaintiff does not assert a civil action arising under the Constitution, laws, or treaties of the United States. Accordingly, this Court does not have subject matter jurisdiction as plead by Plaintiff in her FAC, and this case should be dismissed pursuant to Fed. R. Civ. P. §12(b)(1).

### III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE GROUNDS FOR PERSONAL JURISDICTION OF THIS COURT OVER DEFENDANT TANYA LYSENKO

Plaintiff's FAC is also fatally defective as to this court's personal jurisdiction over LYSENKO. Ordinarily, federal courts do *not* have nationwide personal jurisdiction. Generally, they have *no broader power* over persons outside the state in which they sit than do the local state courts. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.* (1987) 484 US 97, 104–105, 108 S.Ct. 404, 410. Effectively in most situations, a forum state cannot assert jurisdiction over defendants who lack sufficient "contacts" with the forum state. Although exceptions to this rule exist, the instant FAC does not evidence any allegations to establish such an exception.

Simply stated, LYSENKO resides in Florida and the forum court is a California district court. As Plaintiff fails to state a federal question, Plaintiff must rely on California's "long arm statute" (California Code of Civil Procedure § 410.10) to exercise personal jurisdiction over Defendant LYSENKO This code section reads as follows: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

As Plaintiff's FAC fails to address personal jurisdiction, other than where the parties allegedly reside, this motion will not belabor this analysis. The FAC does not state that LYSENKO was ever physically in the forum state, ever did business in the forum state or even ever knowingly communicated with anyone in the forum state. Therefore, Plaintiff cannot show "minimum contacts" between LYSENKO and the forum state of California. Accordingly, Plaintiff's FAC should be dismissed as to LYSENKO pursuant to Fed. R. Civ. P. 12(b)(2).

Lysenko's Memorandum of Points and Authorities in Support of Mtn to Dismiss First Amended Complaint          08-00557 WQH (NLS)

## IV. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION

Plaintiff's FAC consists of random assertions and claims mixing allegations with legal conclusions and apparently inconsequential events. A certain degree of indulgence is afforded to *pro se* litigant's pleadings, *Hughes v. Rowe* (1980) 449 U.S. 5, 9. However, Defendants are entitled to know the exact nature of the claims being asserted against them so they may prepare appropriate defenses. *Crawford-El v. Britton* (1998) 523 U.S. 574. Here, the lack of a cohesive narrative and Plaintiff's rambling litany of complaints, makes it difficult to discern the precise nature and scope of Plaintiff's claims. This type of complaint requires the defense, as well as this Court, to sift through the facts presented and decide for itself which are material to the particular causes of action asserted. Moreover, when Plaintiff's litany of allegations contains tales of alien abduction, mind control and satanic ritual abuse during the past twenty years, Plaintiff's FAC is intelligible and, therefore, fails to state one viable cause of action. Thus, Plaintiff's FAC should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For all the foregoing reasons, the Court should grant the motion to dismiss.

Dated: August 8, 2008

**MANNING & MARDER  
KASS, ELLROD, RAMIREZ LLP**

By:   s/Christopher R. Allison

JOHN D. MARINO  
CHRISTOPHER R. ALLISON  
Attorneys for Defendants  
TANYA LYSENKO (a.k.a. TANI JANTSANG)