MANUEL ARMANDO RIOS   SBN 146038 (manny@rioslawsd.com)
ADRIENNE M. CARROLL   SBN 234449 (adrienne@rioslawsd.com)
**Law Office of Manuel Armando Rios**
239 Laurel Street, Suite 101
San Diego, CA 92101
Telephone: 619-239-0920
Facsimile:  619-239-RIOS

Attorneys for Defendant, MICHAEL AQUINO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA NAPOLIS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL AQUINO, MICHELLE DEVEREAUX, TANYA LYSENKO, AKA TANI JANTSANG, CAROL HOPKINS, DR. ELIZABETH LOFTUS, MARK SAUER, DAVID COPLEY, SAN DIEGO UNION-TRIBUNE, a business entity, SAN DIEGO STATE UNIVERSITY, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.:   08CV557 WQH (JMA)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MICHAEL AQUINO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[F.R.Civ.P. Rule 12]**<br><br>Date:       September 15, 2008<br>Time:       11:00 AM<br>Courtroom:  4<br>Judge:      Hon. William Q. Hayes<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)]** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION..................................................................................................4

II.   SUMMARY OF COMPLAINT............................................................................4

III.  PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE RULE 8(a)(2) AND SHOULD BE DISMISSED..............6

IV.  PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO ALLEGE THE BASIS FOR THIS COURT'S SUBJECT MATTER JURISDICTION AND SHOULD BE DISMISSED.......................................................................................................7

    A.    The Claim of First Amended Violations by Defendant Aquino Fails to State a Claim under 42 USC §1983 and Therefore Should Be Dismissed Pursuant to Rule 12(b)(6)..............................................................................8

    B.    To the Extent Plaintiff Asserts Other Claims Against Defendant Aquino for Other Conduct, Those Claims must Be Dismissed For Lack of Supplemental Jurisdiction.........................................................................................9

VII. CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Agnew v. Moody* (9th Cir.1964) 330 F.2d 860, 870-871..........................................................6

*Azul-Pacifico, Inc. v. Los Angeles* (9th Cir.1992) 973 F.2d 704, 705......................................8

*Bollard v. California Province of the Society of Jesus* (9th Cir.2000) 196 F.3d 940, 951..........7

*Corcoran v. Yorty* (9th Cir.1965) 347 F.2d 222, 223..............................................................7

*Dang Vang v. Toyed* (9th Cir.1991) 944 F.2d 476, 479..........................................................8

*Finley v. United States* (1989) 490 US 545, 551-552............................................................7

*Flagg Brothers, Inc. v. Brooks* (1978) 436 US 149, 155........................................................8

*Galbraith v. County of Santa Clara* (9th Cir.2002) 307 F.3d 1119, 1125................................6

*Kokkonen v. Guardian Life Ins. Co. Of America* (1994) 511 US 375, 380-381......................7

*McHenry v. Renne* (9th Cir.1996) 84 F.3d 1172, 1178..........................................................6

*Scott v. Pasadena Unified School District* (9th Cir.2002) 306 F.3d 646, 664..........................9

*Steel Co. v. Citizens for a Better Environment* (1998) 523 US 83, 89....................................7

*West v. Atkins* (1988) 487 US 42, 49...................................................................................8

**STATUTES**

42 U.S.C. §1983...................................................................................................................8

Federal Rules of Civil Procedure, Rule 8(a)(2).......................................................................6

Federal Rules of Civil Procedure, Rule 8(e)...........................................................................6

Federal Rules of Civil Procedure, Rule 12(b)(6)....................................................................8

## I. INTRODUCTION

Plaintiff DIANA NAPOLIS has filed a First Amended Complaint against Defendant MICHAEL AQUINO ("AQUINO") and various other defendants on May 1, 2008, consisting of 760 paragraphs and 190 single-spaced pages, not including the 37 numbered exhibits attached to the FAC. The caption of the FAC alleges causes of action for 1) Negligence; 2) Defamation; 3) Violation of Plaintiff's Right to Privacy; 4) False Light; 5) Intentional Infliction of Emotional Distress; 6) Conspiracy to Violate Plaintiff's Right to Privacy and First Amendment Right to Free Speech; 7) Conspiracy. Six of the Defendants, including Dr. AQUINO, have responded to the FAC by filing motions to dismiss. As explained below, PLAINTIFF cannot establish a valid claim regarding these alleged violations.

Defendant MICHAEL AQUINO ("AQUINO") was a Lieutenant Colonel in the United States Army, who has been decorated with the Bronze Star and Meritorious Service medals, as well as several other commendations, and retired from service in 1994. AQUINO has also earned his Ph.D. in political science. Dr. AQUINO also founded the Temple of Set, which contrary to PLAINTIFF'S assertions, is not a satanic cult, but an ancient Egyptian religion, pre-dating Judeo-Christianity.

PLAINTIFF continually, and falsely, refers to Dr. AQUINO as a "satanist" throughout her First Amended Complaint ("FAC"), very likely in an attempt to cast him in a false negative light and unfoundedly link him to her diatribe on satanic ritual abuse ("SRA"). PLAINTIFF has posted her FAC and updates on this lawsuit on her website, and continuously mis-characterizes Dr. AQUINO for the entire World Wide Web to view.

## II. SUMMARY OF COMPLAINT

Plaintiff DIANA NAPOLIS is a self-described researcher of satanic ritual abuse and "the negative occult". (First Amended Complaint "FAC", ¶20, 22), and claims to have "proved the existence of satanic ritual abuse of children under the pseudonyms "Curio" and "Karen Jones" (FAC, ¶10). PLAINTIFF'S Complaint indicates that she's worked as a social worker with Child Protective Services in San Diego Country for the period of 1990-1996, then was self-employed as a visitation supervisor until 2000. (FAC, ¶9).

1   PLAINTIFF then reveals, in painstaking detail, her involvement with investigating and researching satanic ritual abuse as part of her work with Child Protective Services and her disbelief in the disputes with the effect of repressed memory and False Memory Syndrome.

PLAINTIFF admits to being involved in substantial public debate on the Internet and various web sites regarding these topics, largely under pseudonyms, including "Curio" and "Karen Jones". (FAC, ¶10). Many of these debates are asserted to have been between Plaintiff and various Defendants, including Dr. AQUINO, sometimes using their names or sometimes using pseudonyms.

Although the factual basis for her seven causes of action is largely unclear, it seems that she is accusing the various Defendants in this action of violating her civil rights, including her "right to free speech", by reporting some of her Internet postings to the web administrators (with respect to Dr. AQUINO) and by reporting her criminal court proceedings (with respect to Defendants COPLEY, SAUER, and UNION-TRIBUNE) and that Dr. AQUINO violated her privacy by "attacking" her with "non-lethal" technology. (FAC, ¶10).

The FAC reveals that PLAINTIFF has been involuntarily committed to the care of mental health professionals, under the authority of California <u>Welfare and Institutions Code</u> §5150, for being a danger to herself or others; PLAINTIFF admits to regularly hearing voices, experiencing hallucinations, and that she has been diagnosed by mental health professionals as being schizophrenic and delusional. (FAC, ¶642). She refers to being "misdiagnosed as mentally ill" at least three separate times in her FAC (¶¶ 14, 596, 642), but fails to provide any diagnosis from a medical professional that she was misdiagnosed. She admits to leaving a San Diego County psychiatric facility against medical advice because she was "acutely aware that the medical community was not capable of assisting her". (FAC ¶600).

In fact, she attributes her mental illness and being "misdiagnosed" to the fact that she is being "attacked" by "Voice to Skull" technology, "computer/brain interface" and other outside sources (FAC ¶571), speculatively attributed to Dr. AQUINO, because he may be "aware" of the existence of this sort of technology through his prior affiliation with the

1  United States military. (FAC ¶591-593 ).

2       PLAINTIFF further makes long-winded allegations that Dr. AQUINO, and others, have, among other things, attacked her with "weapons", apparently referring to "Acoustic Bullets" of low frequency radio waves and other invisible energy sources (FAC ¶572-573), "raped" her through the use of these invisible energy sources (FAC ¶582), talked her to by projecting voices into her brain, and projected holograms in an effort to make her believe she was hallucinating (FAC ¶570-571).  Plaintiff also admits in her FAC that she "cannot verify what actually occurred" (FAC, ¶532) has yet to "discover the necessary documentation to prove that this is what is occurring" (FAC ¶609).

### III. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE RULE 8(a)(2) AND SHOULD BE DISMISSED

Federal Rules of Civil Procedure, Rule 8(a)(2), requires that all pleading contain "a short and plain statement of the claim showing the pleader is entitled to relief."  Federal Rules of Civil Procedure, Rule 8(e) also requires that "each averment of a pleading shall be simple, concise, and direct".  The Federal Rules "contemplate brevity". *Galbraith v. County of Santa Clara* (9th Cir.2002) 307 F.3d 1119,1125.

A complaint is subject to dismissal if it cannot be construed from the complaint "who is being sued, for what relief, and on what theory, with enough detail to guide discovery". *McHenry v. Renne* (9th Cir.1996) 84 F.3d 1172, 1178.  The Court has previously held that a complaint should not contain introductions, explanations, arguments, or stories, and the court and defendants should be able to read and understand a plaintiff's complaint within minutes.  *Id*.  A complaint can be dismissed for failure to comply with Rule 8 if it is "so verbose, confused and redundant that its true substance, if any, is well disguised".  *Corcoran v. Yorty* (9th Cir.1965) 347 F.2d 222, 223, cert. denied, 385 U.S. 866; *Agnew v. Moody* (9th Cir.1964) 330 F.2d 868, 870-871.

Plaintiff's FAC, consisting of 190 single-spaced pages, 760 paragraphs, and an additional 37 exhibits, is the exact opposite of "simple, concise and direct", and certainly does not meet the definition of "brevity", as contemplated by the Federal Rules of Civil

Procedure.  Further, Plaintiff's FAC is so lengthy, convoluted, and detailed that it is extremely difficult, absent the caption, to determine who is being sued, on what theory, and for what relief.  Discovery on the 190 pages of "facts" in the FAC would be practically impossible.

Plaintiff's First Amended Complaint should be dismissed because "its true substance, if any, is well disguised" by the regurgitation of her life's work and research regarding non-lethal weaponry, satanic ritual abuse, the False Memory Syndrome Foundation, alien abductions, her intentional stalking of Hollywood celebrities Steven Spielberg and Jennifer Love Hewitt, and other seemingly irrelevant and immaterial issues.

### IV. PLAINTIFF'S FIRST AMENDED COMPLAINT FAILS TO ALLEGE THE BASIS FOR THIS COURT'S SUBJECT MATTER JURISDICTION AND SHOULD BE DISMISSED

Federal courts do not have the same type of "general" jurisdiction at state courts, to hear any type of lawsuit.  In fact, federal courts can only adjudicate those cases involving diversity of citizenship, federal question, or those in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 US 375, 380-381; *Finley v. United States* (1989) 490 US 545, 551-552.  The party asserting jurisdiction in the federal courts have the burden of proving the federal court's jurisdiction over civil matters.  *Kokkonen*, supra, at 377.

Although any "non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction" *Bollard v. California Province of the Society of Jesus* (9th Cir.2000) 196 F.3d 940, 951, the court may dismiss a case for lack of subject-matter jurisdiction when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise so completely devoid of merit as not to involve a federal controversy".  *Steel Co. v. Citizens for a Better Environment* (1998) 523 US 83, 89.

Plaintiff has alleged "Conspiracy to Violate Plaintiff's Right to Privacy and First Amendment Right to Free Speech" in her sixth cause of action, as set out in the caption of her complaint, so arguably she has asserted a federal claim.  However, for those reasons detailed below, her claim for First Amended violations is "so completely devoid of merit as not to involve a federal controversy".

1    Because Plaintiff's complaint, and claim of First Amendment violations is devoid of
2 merit and does not involve federal controversy, her entire complaint must be dismissed, as
3 the Court does not have subject-matter jurisdiction over Plaintiff's claims.

4    **A.    The Claim of First Amended Violations by Defendant Aquino Fails to State**
5          **a Claim under 42 USC §1983 and Therefore Should Be Dismissed**
6          **Pursuant to Rule 12(b)(6)**

7    The courts have held that a "plaintiff has no cause of action directly under the United
8 States Constitution", but that a "litigant complaining of a violation of a constitutional right
9 must utilize 42 U.S.C. §1983". *Azul-Pacifico, Inc. v. Los Angeles,* (9th Cir.1992) 973 F.2d 704,
10 705.  In order to state a §1983 claim of violations of civil rights, PLAINTIFF "must
11 demonstrate a deprivation of a right secured by the Constitution or laws of the United
12 States, and that the defendant <u>acted under color of state law</u>".  *West v. Atkins,* (1988) 487
13 US 42, 49; *Flagg Brothers, Inc. v. Brooks* (1978) 436 US 149, 155.

14    A defendant is said to be acting under the color of state law "if he exercises power
15 possessed by virtue of state law and made possible only because the wrongdoer is clothed
16 with the authority of state law." *West v. Atkins*, supra; *Dang Vang v. Toyed* (9th Cir.1991) 944
17 F.2d 476, 479.

18    Plaintiff's only basis for believing that Dr. AQUINO may have infringed on her First
19 Amendment right to free speech can be found in the FAC at paragraph 201, wherein
20 Plaintiff speculates that an anonymous Internet user by the name of "LeGrant" is actually Dr.
21 AQUINO (because Dr. AQUINO had accused her of libel, and "LeGrant" was as well),
22 and"LeGrant" told her that he'd report her to the System Administrator, after which
23 Plaintiff's postings were cancelled by the website.  Other similar instances of this flagrant
24 speculation regarding Dr. AQUINO reporting her Internet postings, and them being
25 ultimately removed, can be found throughout the complaint.
26 ///
27 ///
28 ///

MEMORANDUM OF POINTS AND AUTHORITIES                    08 CV 557 WQH (JMA)

However, nowhere among the 760 paragraphs of "facts" alleged by PLAINTIFF, is there any allegation that Dr. AQUINO is "clothed with the authority of state law", was exercising "power possessed by virtue of state law" or that he was otherwise acting "under color of state law".

Dr. AQUINO asserts that Plaintiff cannot truthfully allege these facts, either, as they do not exist. Therefore, PLAINTIFF'S First Amended Complaint should be dismissed for failure to state a claim.

**B. To the Extent Plaintiff Asserts Other Claims Against Defendant Aquino for Other Conduct, Those Claims must Be Dismissed For Lack of Supplemental Jurisdiction**

Without federal question jurisdiction, the court cannot exercise supplemental jurisdiction over Plaintiff's state law claims of negligence, defamation, false light, intentional infliction of emotional distress, or conspiracy in general.

Notwithstanding the fact that PLAINTIFF admits that she "cannot verify what really occurred" (FAC, ¶532) has yet to "discover the necessary documentation to prove that this is what is occurring" (FAC ¶609), with regards to being "attacked" by Dr. AQUINO through the use of nonlethal "weapons", including "Acoustic Bullets" of low frequency radio waves and other invisible energy sources (FAC ¶572-573), being "raped" her through the use of these invisible energy sources (FAC ¶582), or having her privacy invaded by Dr. AQUINO, and others, talking to her by projecting voices into her brain, and projected holograms in an effort to make her believe she was hallucinating (FAC ¶570-571), the court has no discretion to retain supplemental jurisdiction over state law claims where a complaint is dismissed for lack fo subject-matter jurisdiction. *Scott v. Pasadena Unified School District* (9th Cir.2002) 306 F.3d 646, 664. As such, these claims against Dr. AQUINO must be dismissed.

///
///
///
///

1  **V.     CONCLUSION**

2  Because PLAINTIFF fails to establish that there is a federal controversy, or that the

3  Court has subject-matter jurisdiction over this case on any other basis, the court has no

4  authority to adjudicate the state law claims asserted by Plaintiff.  Therefore, Plaintiff's entire

5  First Amended Complaint against Dr. MICHAEL AQUINO should be dismissed with

6  prejudice.

7  Date:  August 12, 2008              Respectfully Submitted,

9  s/Adrienne M. Carroll
   MANUEL ARMANDO RIOS
10 ADRIENNE M. CARROLL
   Attorneys for Defendant, MICHAEL AQUINO
11 E-mail: adrienne@rioslawsd.com