CHARLES F. ROBINSON #113197
charles.robinson@ucop.edu
CHRISTOPHER M. PATTI #118283
christopher.patti@ucop.edu
MARGARET L. WU #184167
margaret.wu@ucop.edu
University of California
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607-5200
Telephone:   510-987-9800
Facsimile:    510-987-9757

Attorneys for Defendant
ELIZABETH LOFTUS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA NAPOLIS,<br><br>  Plaintiff,<br><br>v.<br><br>MICHAEL AQUINO, et al.,<br><br>  Defendants. | Case No. 08CV557 WQH-NLS<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ELIZABETH LOFTUS'S SPECIAL MOTION TO STRIKE<br><br>Date:         September 15, 2008<br>Time:        11:00<br>Courtroom: 4<br>Honorable William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

Plaintiff's claims against Defendant Elizabeth Loftus are based on reports that Loftus made to University of California at Irvine Police and the use of those reports in a parole hearing. State law claims based on such activities are subject to a Special Motion to Strike under California Code of Civil Procedure section 425.16. Under that provision, Plaintiff has the burden of demonstrating that her claims are legally and factually supportable. Because she cannot do so, with respect to her claims against Professor Loftus, those claims must be stricken.

## II. CALIFORNIA'S ANTI-SLAPP STATUTE

California Code of Civil Procedure section 425.16(b) provides in pertinent part:

> "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

An anti-SLAPP motion involves a two-step process.

> "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim."

*Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003).

Defendants may use California's anti-SLAPP statute to challenge California state law claims brought in federal court. *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999); *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1207 (9th Cir. 2005). "Where a complaint contains both anti-SLAPP and non-anti-SLAPP causes of action, e.g., federal claims, the SLAPP claims alone may be stricken and a motion to dismiss may be directed to the non-SLAPP causes of action." *Kearney v. Foley & Lardner*, 2008 U.S. Dist. LEXIS 21115 (S.D. Cal. Mar. 18, 2008).

## III. THE ANTI-SLAPP STATUTE APPLIES TO PLAINTIFF'S CLAIMS AGAINST PROFESSOR LOFTUS

As discussed in Professor Loftus's Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint (Document 13-2 at pp. 3-6), Plaintiff's claims against Professor Loftus arise from allegations that Loftus's reported concerns about Plaintiff's behavior to the University of California at Irvine Police Department and that those concerns were raised by Plaintiff's probation officer in a state probation hearing. Such claims are subject to a Special Motion to Strike under California Code of Civil Procedure section 425.16. Section 425.16(b) applies to "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Under subsection (e) of section

425.16, an "act . . . in furtherance of a person's right of petition nor free speech" is defined to include "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" and "(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Code Civ. Proc. § 425.16(e)(1) & (2). "A defendant who invokes either subparagraph (1) or subparagraph (2) of subdivision (e) of section 425.16, the anti-SLAPP statute, need not separately demonstrate that the statement concerned an issue of public significance." *Kibler v. Northern Inyo County Local Hospital Dist.*, 39 Cal. 4th 192, 198 (2006).

California cases arising in related contexts have held that citizen reports to police fall within the scope of an "official proceeding authorized by law." The California Supreme Court has held that identical language in Civil Code section 47(b), which creates a privilege for statements made "in any other official proceeding authorized by law," encompasses citizen reports to police. *Hagberg v. California Federal Bank*, 32 Cal. 4th 350, 360 (2004). Furthermore, Plaintiff's Complaint alleges that Loftus's statements to the UCI Police Department were made in connection with Plaintiff's probation hearing (see, e.g., Complaint, ¶ 675), and Plaintiff's claims arising from those statements are therefore subject to section 425.16 for that additional reason.

## IV. PLAINTIFF CANNOT DEMONSTRATE THAT IT IS PROBABLE SHE WILL SUCCEED ON HER CLAIMS AGAINST LOFTUS

A motion to strike a claim that falls within the scope of section 415.16 must be granted unless "the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1). "To satisfy this prong, the plaintiff must state and substantiate a legally sufficient claim. Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 741 (2003). "Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the