Diana Napolis, In Pro Per
6977 Navajo Road, PMB 114
San Diego, CA. 92119-1503
(619) 873-5917

In Pro Per

**FILED**
AUG 27 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA NAPOLIS<br><br>    Plaintiff<br><br>    v.<br><br>MICHAEL AQUINO, MICHELLE DEVEREAUX, TANYA LYSENKO, AKA TANI JANTSANG, CAROL HOPKINS, DR. ELIZABETH LOFTUS, MARK SAUER, DAVID COPLEY, SAN DIEGO UNION-TRIBUNE, a business entity, SAN DIEGO STATE UNIVERSITY, and DOES 1-100, inclusive,<br><br>    Defendants | Case No.: 08CV557 WQHNLS<br><br>NOTICE OF MOTION DISMISSING DEFENDANT BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY WITHOUT PREJUDICE DUE TO LACK OF SUBJECT MATTER JURISDICTION<br><br>RE: Hearing scheduled on<br>Date: September 15, 2008<br>Time: 11:00<br>Courtroom: 4<br>Honorable William Q. Hayes |

    This is a motion to dismiss Defendant Board of Trustees of the California State University, (erroneously sued as "San Diego State University"), without prejudice due to lack of subject matter jurisdiction, and without an award of attorneys fees.

# MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DENIAL OF ATTORNEY FEES

Defendant Board of Trustees of the California State University, brought a motion to dismiss this complaint on the grounds the action is barred by the Eleventh Amendment to the United States Constitution.

Plaintiff believes that the present court lacks subject matter jurisdiction over the claims as presently plead. As this court no doubt recognizes, Plaintiff has initiated this case on her own behalf, as a lay person, and has not had the assistance of an attorney in framing the complaint. Despite the great efforts in documenting the mistreatment that the defendants have subjected plaintiff to in presenting this complaint, defendants are correct that plaintiff has not invoked the authority of this court.

It is fundamental that an Article III court must determine its own jurisdiction over the subject matter at the outset. Federal courts are courts of limited jurisdiction. Unlike state courts, they have no "inherent" or "general" subject matter jurisdiction.

Federal District Courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate: basically those involving diversity of citizenship, or a federal question, or to which the U.S. is a party. (Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 U.S. 375, 380-381.) Federal Courts have presumptive jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. (Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 U.S. 375, 377.) Lack of subject matter jurisdiction is never waived and may be raised by either party or the court at any time --- even for the first time on appeal. (Attorneys Trust v. Videotape Computer Products, Inc. (9th Cir. 1996) 93 F.3d 593, 594-595.)

The parties may not consent to the District Court's exercise of jurisdiction. The parties to a federal civil action cannot create subject matter jurisdiction where

none exists. (Bender v. Williamsport Area School Dist. (1986) 475 U.S. 534, 541). Similarly, a party "cannot estop itself into jurisdiction where none exists." (Hajek v. Burlington Northern R.R. Co. (9th Cir. 1999) 186 F.3d 1105, 1108.) Thus, any suggestion by defendants that estoppel bars Plaintiff's recognition of this court's lack of subject matter jurisdiction, is simply meritless. Indeed, a plaintiff may raise the lack of subject matter jurisdiction after filing a case in the District Court and losing on the merits. (American Fire & Cas. Co. v. Finn (1951) 341 U.S 6, 17-18) Attorneys Trust v. Videotape Computer Products, Inc. (9th Cir. 1996) 93 F3d 593, 594-5)

Federal Courts must normally determine issues of subject matter jurisdiction before considering a case on its merits. (Steel Co. v. Citizens for a Better Environment (1998) 523 U.S. 83, 94.) Thus, this court must determine whether as a matter of law, as to the controversy described in the complaint, that subject matter exists. The determination of subject matter jurisdiction must precede any determination as to whether plaintiff may state a cause of action within the meaning of F.R.C.P. Rule 12(b)(6), and whether the substantive provisions of California's anti-SLAPP provisions bar plaintiff from proceeding on her efforts to demonstrate the defendants' liability.

Thus, the court in making its determination for dismissal based on the lack of subject matter jurisdiction, the court will avoid any finding regarding the merits of plaintiff's claims, and will necessarily avoid any determination of attorneys fees. Greater Detroit Res. Recovery Auth. & Combustion Eng'g v. United States EPA 916 F.2d 317 (6th Cir. 1990); Lynch v. Leis, 382 F. 3d 642 (6th Cir 2004); Primax Recoveries Inc. V. Gunter 433 F.3d 515 (6th Cir. 2006)

As, where a complaint has been dismissed for lack of subject matter jurisdiction, the "defendant" has not "prevailed" over the plaintiff on any issue central to the merits of the litigation. (See, Branson v. Nott, 62 F.3d 287, 293 (9th Cir. Cal. 1995)

## CONCLUSION

For all the foregoing reasons, the Court should grant the motion to dismiss for lack of subject matter jurisdiction without awarding attorney fees.

*Diana Napolis, Aug. 27, 2008*

Diana Napolis, Pro Per, Dated August 27, 2008