1  Gregory D. Roper, State Bar No. 087019
   Michelle A. Herrera, State Bar No. 209842
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   600 West Broadway, Suite 2600
3  San Diego, California 92101-3372
   Telephone No.: 619.236.1414
4  Facsimile No.: 619.232.8311

5  Judith L. Fanshaw, State Bar No. 120536
   THE COPLEY PRESS, INC.
6  7776 Ivanhoe Avenue
   La Jolla, California 92038

7

8  Attorneys for Defendants DAVID COPLEY, SAN DIEGO UNION-TRIBUNE
   and MARK SAUER

9

10            UNITED STATES DISTRICT COURT

11          SOUTHERN DISTRICT OF CALIFORNIA

12

13  DIANA NAPOLIS,                          Case No. 08CV557 WQH (JMA)

14       Plaintiff,                         The Honorable William Q. Hayes

15  v.                                      **RESPONSE BY DEFENDANTS DAVID
                                            COPLEY, SAN DIEGO UNION-TRIBUNE
16  MICHAEL AQUINO, MICHELLE                AND MARK SAUER TO PLAINTIFF'S
    DEVEREAUX, TANYA LYSENKO, AKA           MOTION TO DISMISS**
17  TANI JANTSANG, CAROL HOPKINS,
    DR. ELIZABETH LOFTUS, MARK SAUER,       Date:    September 15, 2008
18  DAVID COPLEY, SAN DIEGO UNION-          Time:    11:00 A.M.
    TRIBUNE, a business entity, SAN DIEGO   Place:   Courtroom 4
19  STATE UNIVERSITY, and DOES 1-100,
    inclusive,                              NO ORAL ARGUMENT UNLESS
20                                          REQUESTED BY THE COURT
         Defendants.
21

22

23

24

25

26

27

28

1    Defendants David Copley, [1] *The San Diego Union Tribune* and Mark Sauer respectfully

2   submit this response to Plaintiff Diana Napolis' Motion to Dismiss Without Prejudice Due to Lack

3   of Subject Matter Jurisdiction (Docket No. 25).  On August 6, 2008, Defendants filed a Motion to

4   Dismiss Pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and (6), and the California Anti-

5   SLAPP Statute.  Instead of opposing the motion, Plaintiff filed a motion to dismiss without

6   prejudice.  Defendants do not object to a dismissal, but request that it be entered with prejudice for

7   the reasons set forth herein.

8    First, through her motion Plaintiff concedes that this Court lacks subject matter jurisdiction

9   over her claims.  "[A] dismissal **with prejudice** is mandatory when it appears to the Court that

10  subject-matter jurisdiction is lacking."  *Wenz v. Rossford Ohio Transportation Improvement*

11  *District*, 392 F. Supp. 2d 931, 939 (S.D. Ohio 2005) (emphasis added).

12   Second, as set forth in Defendants' Motion to Dismiss, Plaintiff stands no chance of

13  prevailing on any of her claims against these Defendants.  Not only does the Court lack subject

14  matter jurisdiction to even entertain the claims, but the claims are beyond question barred by the

15  applicable statute of limitation.  In addition to these two insurmountable hurdles, Plaintiff's claims

16  against these Defendants are futile for the additional reasons that the newspaper articles in

17  question are protected by the First Amendment, are absolutely privileged under state law and do

18  not constitute defamation under state law.

19   "A voluntary dismissal without prejudice is not a matter of right."  *Fisher v. Puerto Rico*

20  *Marine Management, Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991).  Rather, in exercising its

21  discretion to grant or deny the requested dismissal, the court should be mindful of the interests of

22  the defendant that Rule 41(a)(2) is designed to protect.  *Id*. at 1502-03.  Plaintiff should not be

23  permitted to circumvent filing a meaningful response to Defendants' motion to dismiss, which she

24  presumably cannot do, by instead filing a motion to dismiss without prejudice.  Defendants should

25  not be forced to sit idly by with the threat of yet another baseless and frivolous complaint by

26  Plaintiff.

27  
_____

28  [1]    Plaintiff has filed a Notice Dismissing David Copley from this lawsuit.  (*See* Docket No. 25-1.)  Since the Court has not yet dismissed Mr. Copley, he joins in this response.

1    Numerous bases exist that warrant the dismissal of Plaintiff's complaint **with prejudice**,

2 and Defendants urge the Court to exercise its discretion to do so.

3

4 DATED:  September 8, 2008          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5

6                              By: /s/ Michelle A. Herrera
                                   Gregory D. Roper
7                                  Michelle A. Herrera
                                   Attorneys for Defendants DAVID COPLEY,
8                                  SAN DIEGO-UNION TRIBUNE and
                                   MARK SAUER
9

10   101116531.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28