```
MANUEL ARMANDO RIOS    SBN 146038 (manny@rioslawsd.com)
ADRIENNE M. CARROLL    SBN 234449 (adrienne@rioslawsd.com)
```
**Law Office of Manuel Armando Rios**
239 Laurel Street, Suite 101
San Diego, CA 92101
Telephone: 619-239-0920
Facsimile:  619-239-RIOS

Attorneys for Defendant, MICHAEL AQUINO

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA NAPOLIS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL AQUINO, MICHELLE DEVEREAUX, TANYA LYSENKO, AKA TANI JANTSANG, CAROL HOPKINS, DR. ELIZABETH LOFTUS, MARK SAUER, DAVID COPLEY, SAN DIEGO UNION-TRIBUNE, a business entity, SAN DIEGO STATE UNIVERSITY, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.:   08CV557 WQH (JMA)<br><br>**DEFENDANT AQUINO'S OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Date:      September 15, 2008<br>Time:      11:00 AM<br>Courtroom: 4<br>Judge:     Hon. William Q. Hayes<br><br>**[NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(d)(1)]** |

Defendant MICHAEL AQUINO respectfully responds and opposes Plaintiff's Motion to Dismiss Without Prejudice Due to Lack of Subject Matter Jurisdiction (Docket No. 23). Defendant AQUINO respectfully asserts that this matter should be dismissed against AQUINO <u>with</u> prejudice, for the following reasons.

On August 12, 2008, Defendant AQUINO filed a motion to dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction, and for failure to adhere to the Federal Rules of Civil Procedure regarding the procedural requirements of brevity and conciseness of a Complaint (Docket No. 16).

///

///

Rather than opposing the motion, or filing any responsive pleading to this motion, Plaintiff NAPOLIS filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction Without Prejudice against Defendant AQUINO (Docket No. 23). Defendant AQUINO does not object to the entry of a dismissal of the case against him, but, rather, requests and contends that the dismissal should be <u>with</u> prejudice.

AQUINO has argued that the court lacks subject matter jurisdiction on the basis that, even though NAPOLIS has arguably "raised" a federal question by using the words "First Amendment violation", case law supports a finding of lack of jurisdiction where the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise so completely devoid of merit as not to involve a federal controversy". *Steel Co. v. Citizens for a Better Environment* (1998) 523 US 83, 89.

AQUINO has argued that First Amendment violation claim must fail, in that there is no possible way that AQUINO'S alleged actions against NAPOLIS could be interpreted as being an action "under color of state law", as required by the federal civil rights statute, 42 USC §1983. Based on the arguments of AQUINO'S Motion to Dismiss (Docket No. 16), NAPOLIS' claims must fail on their merits, and the case should be dismissed <u>with prejudice</u>.

Even if the court finds that its decision to dismiss the case for lack of jurisdiction does not reach the merits, the court may still dismiss the case with prejudice. The federal court in the Southern District of Ohio found that a "dismissal with prejudice is mandatory when it appears to the court that subject-matter jurisdiction is lacking". *Wenz v. Rossford Ohio Transportation Improvement District*, 392 F.Supp. 2d 931, 939 (S.D. Ohio 2005).

Our own Ninth Circuit has held that a dismissal with prejudice, even where subject matter jurisdiction is lacking, is appropriate as a procedural sanction [See *In re Exxon Valdez* (9th Cir. 1996) 102 F3d 429, 431—court can dismiss with prejudice, lacking subject matter jurisdiction, because no assessment of merits involved in determining discovery violations].

///

///

///

1    Arguably, because of (1) the fact that NAPOLIS' First Amendment claim is completely
2 devoid of merit; (2) NAPOLIS has admitted in her own Motion to Dismiss (Docket No. 23)
3 that the court lacks subject matter jurisdiction and (3) her First Amended Complaint is a
4 gross violation of the Federal Rules of Civil Procedure by sheer virtue of its length and
5 multitude of attachments, that dismissal with prejudice would be an appropriate procedural
6 sanction.

7    For the foregoing reasons, and those detailed in AQUINO'S Motion to Dismiss
8 (Docket No. 16), Defendant AQUINO respectfully requests that this court enter a dismissal
9 of Plaintiff NAPOLIS' complaint, *with prejudice*, either based on the merits of the case for
10 failure to state a cognizable federal claim, or as a procedural sanction for bringing a claim
11 which this court admittedly lacks jurisdiction to hear.

12 Date:  September 9, 2008          Respectfully Submitted,

14              s/Adrienne M. Carroll
               MANUEL ARMANDO RIOS
15             ADRIENNE M. CARROLL
               Attorneys for Defendant, MICHAEL AQUINO
16             E-mail: adrienne@rioslawsd.com