CHARLES F. ROBINSON #113197
charles.robinson@ucop.edu
CHRISTOPHER M. PATTI #118283
christopher.patti@ucop.edu
MARGARET L. WU #184167
margaret.wu@ucop.edu
University of California
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA  94607-5200
Telephone:    510-987-9800
Facsimile:     510-987-9757

Attorneys for Defendant
ELIZABETH LOFTUS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA NAPOLIS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL AQUINO, et al.,<br><br>Defendants. | Case No.  08CV557 WQH-NLS<br><br>DEFENDANT ELIZABETH LOFTUS'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION REQUESTING A CONTINUANCE<br><br>Date:          September 15, 2008<br>Time:          11:00<br>Courtroom:  4<br>Honorable William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

Defendant Elizabeth Loftus opposes plaintiff Diana Napolis's Ex Parte Application Requesting a Continuance.  Defendant Loftus has filed a Motion to Dismiss plaintiff's complaint and a Motion to Strike the complaint.  Both motions, along with motions to dismiss and to strike filed by other defendants, are scheduled for hearing on September 15, 2008. Plaintiff's Application contends that on September 3, 2008, plaintiff reviewed the files in her San Diego County Superior Court parole case and discovered for the first time that certain defendants had submitted statements, apparently at the request of San Diego Probation Director Lisa Donahoo, describing how plaintiff's conduct had affected them.  Plaintiff contends that this

1  discovery justifies a 60-day delay in the hearing date for all defendants' pending motions so that
2  plaintiff may "seek legal counsel to address the complex legal issues involved which have
3  surfaced based on the misconduct of one or more defendants in this case." (Ex Parte Application
4  at 8.)  Plaintiff's Application should be denied.

5  First, plaintiff has already conceded that this Court has no jurisdiction over the
6  subject matter of plaintiff's complaint and has filed a motion to dismiss her own claims against
7  Loftus (and all other defendants) on that basis.  (See Docket #24.)  Plaintiff has not sought to
8  withdraw that motion.  Given plaintiff's concession that the Court lacks jurisdiction, there is no
9  purpose to be served by a continuance.

10  Second, plaintiff has waived her right to oppose Loftus's motions.  Rule 7.1.e.2 of
11  this Court requires that "[e]xcept as otherwise specified in Civil Local Rule 7.1. e.1, each party
12  opposing a motion, application or order to show cause shall file that opposition or statement of
13  non-opposition with the clerk and serve the movant or the movant's attorney not later than 14
14  *calendar* days prior to the noticed hearing."  Rule 7.1.f.3.c provides that "If an opposing party
15  fails to file the papers in the manner required by Civil Local Rule 7.1. e.2, that failure may
16  constitute a consent to the granting of a motion or other request for ruling by the court."  Plaintiff
17  has filed no opposition to Loftus's motions.  Plaintiff did not serve (and, presumably, did not file)
18  her current Application until after her time to oppose the motions had already expired.  Plaintiff
19  should not be granted extra time to respond to motions when, by her inaction, she had already
20  waived her right to do so.

21  Finally, nothing in plaintiff's Application justifies additional delay.  Plaintiff
22  claims to have discovered an additional example of the same type of conduct that is the basis of
23  her existing claims against Loftus: Loftus's communication with law enforcement officials in
24  connection with potential or on-going legal proceedings involving plaintiff.  As demonstrated in
25  Loftus's Memorandum of Points and Authorities filed in support of her Motion to Dismiss
26  (Docket # 13), such conduct cannot, as a matter of law, serve as the basis for claims under either
27  federal or California law.  Additional allegations of similarly non-actionable conduct create no
28  new "complex legal issues" that could justify a delay of these proceedings.

1   For the foregoing reasons, plaintiff's Application should be denied.

2   Dated: September 10, 2008

MARGARET L. WU
CHRISTOPHER M. PATTI


By: /s/ Christopher M. Patti
    Christopher M. Patti

Attorneys for Defendant
ELIZABETH LOFTUS