**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIANA NAPOLIS,<br><br>               Plaintiff,<br>vs.<br>MICHAEL AQUINO, et al.,<br><br>               Defendants. | CASE NO. 08cv557 WQH (JMA)<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are: (1) the Motion to Dismiss (Doc. # 9) filed by Defendant San Diego State University; (2) the Motion to Dismiss (Doc. # 11) filed by Defendants David Copley, San Diego Union-Tribune, Mark Sauer; (3) the Motion to Dismiss (Doc. # 12) filed by Defendant Tanya Lysenko; (4) the Motion to Dismiss (Doc. # 13) filed by Defendant Elizabeth Loftus; (5) the Motion to Dismiss (Doc. # 16) filed by Defendant Michael Aquino; (6) the Amended Motion to Strike the Complaint (Doc. # 20) filed by Defendant Elizabeth Loftus; (7) the Motion to Dismiss Defendant Michael Aquino (Doc. # 23) filed by Plaintiff; (8) the Motion to Dismiss Defendant Elizabeth Loftus (Doc. # 24) filed by Plaintiff; (9) the Motion to Dismiss Defendants David Copley, San Diego Union-Tribune and Mark Sauer (Doc. # 25) filed by Plaintiff; (10) the Motion to Dismiss Defendant Board of Trustees of the California State University (Doc. # 26) filed by Plaintiff; (11) the Motion to Dismiss Defendant Tanya Lysenko (Doc. # 27) filed by Plaintiff; and (12) the Ex Parte Motion Requesting a Continuance (Doc. # 41) filed by Plaintiff.

**Background**

    On March 25, 2008, Plaintiff initiated this action by filing a complaint (Doc. # 1). On May

1,

2008, Plaintiff filed a first amended complaint ("FAC") (Doc. # 4), which is the operative pleading in this case.

Defendants San Diego State University, David Copley, the San Diego Union-Tribune, Mark Sauer, Tanya Lysenko and Elizabeth Loftus filed Motions to Dismiss the FAC pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Docs. # 9, 11, 12, 13, 16).  Defendants move to dismiss the FAC on grounds that the FAC fails to allege any basis for this Court's subject matter jurisdiction.  Plaintiff has not filed any opposition to the Motions to Dismiss.

Plaintiff filed Motions to Dismiss Defendants for lack of subject matter jurisdiction (Docs. # 23, 24, 25, 26, 27).  In her Motions to Dismiss, Plaintiff states: "Plaintiff believes that the present court lacks subject matter jurisdiction over the claims as presently plead . . . Despite the great efforts in documenting the mistreatment that the defendants have subjected plaintiff to in presenting this complaint, defendants are correct that plaintiff has not invoked the authority of this court." (Docs. #23, 24,  p. 3, 25, 26, 27, p. 2).  Plaintiff further states: "[T]he Court should grant the motion to dismiss for lack of subject matter jurisdiction without awarding attorney fees."  (Docs. # 23, 25, 26, 27 p. 4, 24, p. 5.).

**Applicable Law**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on grounds that the court lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  The burden is on the plaintiff to establish that the court has subject matter jurisdiction over an action.  *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778-779 (9th Cir. 2000).  In resolving an attack on a court's jurisdiction, the court may go outside the pleadings and consider evidence beyond the complaint relating to jurisdiction without converting the motion to dismiss into a motion for summary judgment.  *Safe Air For Everyone v. Doyle,* 373 F.3d 1035, 1039 (9th Cir. 2004).  Issues regarding subject matter jurisdiction may be raised at any time, even on appeal, by motion or sua sponte by the court.  Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland,* 316 F.3d 822, 826-27 (9th Cir. 2002).

### Ruling of the Court

Defendants seek dismissal on grounds that Plaintiff has failed to establish that the Court has subject matter jurisdiction over this action. The FAC does not allege grounds for federal subject matter jurisdiction because the FAC does not allege that the United States is a party, diversity of citizenship or a federal question. Plaintiff has not filed any opposition to Defendants' Motions to Dismiss. Plaintiff has also filed Motions to Dismiss the action where she concedes that the Court lacks subject matter jurisdiction. Based on the foregoing, the Court concludes that Plaintiff has failed to establish that the Court has subject matter jurisdiction over the action.

IT IS HEREBY ORDERED that (1) the Motion to Dismiss (Doc. # 9) filed by Defendant San Diego State University is **GRANTED**; (2) the Motion to Dismiss (Doc. # 11) filed by Defendants David Copley, San Diego Union-Tribune, Mark Sauer is **GRANTED**; (3) the Motion to Dismiss (Doc. # 12) filed by Defendant Tanya Lysenko is **GRANTED**; (4) the Motion to Dismiss (Doc. # 13) filed by Defendant Elizabeth Loftus is **GRANTED**; (5) the Motion to Dismiss (Doc. # 16) filed by Defendant Michael Aquino is **GRANTED**; (6) the Amended Motion to Strike the Complaint (Doc. # 20) filed by Defendant Elizabeth Loftus is **DENIED as moot**; (7) the Motion to Dismiss Defendant Michael Aquino (Doc. # 23) filed by Plaintiff is **GRANTED**; (8) the Motion to Dismiss Defendant Loftus (Doc. # 24) filed by Plaintiff is **GRANTED**; (9) the Motion to Dismiss Defendants David Copley, San Diego Union-Tribune and Mark Sauer (Doc. # 25) filed by Plaintiff is **GRANTED**; (10) the Motion to Dismiss Defendant Board of Trustees of the California State University (Doc. # 26) filed by Plaintiff is **GRANTED**; (11) the Motion to Dismiss Defendant Tanya Lysenko (Doc. # 27) filed by Plaintiff is **GRANTED**; and (12) the Ex Parte Motion Requesting a Continuance (Doc. # 41) filed by Plaintiff is **DENIED as moot**. The FAC is **DISMISSED with leave to amend.** Plaintiff has leave to amend her Complaint by filing a Second Amended Complaint within sixty (60) days of the date of this Order. If Plaintiff does not file a Second Amended Complaint within sixty (60) days of the date of this Order, the Court will dismiss the action without prejudice.

DATED: September 16, 2008

**WILLIAM Q. HAYES**
United States District Judge